FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 23, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CAROLINE ANGULO, a single person; ERIC KELLER, a single person; EBEN NESJE, a single person; KIRK SUMMERS, a single person; CHRISTINE BASH, individually and as a personal representative of THE ESTATE OF STEVEN BASH; RAYMOND SUMERLIN, JR., and MARYANN SUMERLIN, a married couple; and MARTIN WHITNEY and SHERRYL WHITNEY, a married couple,<br><br>      Plaintiffs, individually and on behalf of others similarly situated,<br><br>      v.<br><br>PROVIDENCE HEALTH & SERVICES WASHINGTON, a non-profit Washington Corporation, also d/b/a/ PROVIDENCE ST. MARY MEDICAL CENTER; DR. JASON A. DREYER, DO, and JANE DOE DREYER, husband and wife and the marital community thereof; and DR. DANIEL ELSKENS DO and JANE DOE ELSKENS, husband and wife and | Nos. 4:25-CV-05029-SAB<br>      4:24-CV-05160-SAB<br>      4:25-CV-05025-SAB<br><br>**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION** |

|     |     |
| --- | --- |
| the marital community thereof. Defendants. | |
| PHERN SELLS, a single person; DENNIS HIGGINS and TRACY HIGGINS, husband and wife; WILLIAM HAMBY and CYNDI HAMBY, husband and wife; and DANIEL WHEELER,<br>       Plaintiffs,<br>       v.<br>PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH AND SERVICES — WASHINGTON d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; and PROVIDENCE MEDICAL GROUP d/b/a PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, a/k/a PMG NEUROSCIENCE INSTITUTE, WALLA WALLA a/k/a NEUROSCIENCE INSTITUTE d/b/a PROVIDENCE; and JANE AND JOHN DOES 1–6,<br>       Defendants. | |

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION ~ 2**

| | |
|---|---|
| TRADEEN GOOLD; CAL ALVIN HARRIS and MIDGE HARRIS, husband and wife; CHRISTINA COLE and MARCUS COLE, wife and husband; JEFFERY NEHLS and MELISSA NEHLS, husband and wife; SANDEE HAHN and STEPHEN HAHN, wife and husband, | |
| Plaintiffs, | |
| v. | |
| DR. JASON A. DREYER, DO, and LAURA DREYER, husband and wife and the marital community thereof; PROVIDENCE ST. JOSEPH HEALTH; PROVIDENCE HEALTH & SERVICES; PROVIDENCE HEALTH AND SERVICES — WASHINGTON d/b/a PROVIDENCE ST. MARY MEDICAL CENTER; and PROVIDENCE MEDICAL GROUP d/b/a PROVIDENCE MEDICAL GROUP SOUTHEAST WASHINGTON NEUROSURGERY, a/k/a PMG NEUROSCIENCE INSTITUTE, WALLA WALLA a/k/a NEUROSCIENCE INSTITUTE d/b/a PROVIDENCE; and JANE AND JOHN DOES 1–6, | |
| Defendants. | |

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION** ~ 3

1    Before the Court are Defendant's Motion to Dismiss or Stay, ECF No. 27, in *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB]; and Defendant's Motion to Dismiss, First to File, ECF No. 21, in *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB]. The motions were considered without oral argument.

In *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB], Plaintiffs are represented by William Gilbert, Ashley Richards, and Beth Bollinger. Defendants are represented by Jennifer Oetter, Amber Pearce, Andrew Gard, and Meryl Hulteng.

In *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB], Plaintiffs are represented by Mr. Gilbert, Ms. Richards, and Ms. Bollinger. Defendant Providence is represented by Jennifer Oetter and Andrew Gard. Defendants Dreyer are represented by Jeffrey Galloway, Ryan Beaudoin, and Jon Burtard.

In *Angulo et al v. Providence Health & Services Washington et al* [4:25-CV-05029-SAB], Plaintiffs are represented by Mr. Gilbert, Ms. Richards, Ms. Bollinger, Peter Langrock, and Terrance Reed. Defendant Providence is represented by Jennifer Oetter, Kenneth Payson, Ross Siler, and Caleah Whitten. Defendants Dr. Dreyer and Jane Doe Dreyer are represented by Bryce Wilcox, James McPhee, Mr. Galloway, Mr. Beaudoin, and Steven Dixson. Defendant Dr. Elskens is represented by Ronald Van Wert and Stephen Lamberson.

The Court has considered the motions, briefs, and caselaw in *Sells* and *Goold*, as well as the related case *Angulo*. For docket management and judicial efficiency, it now consolidates *Sells*, *Goold*, and *Angulo*, **for the purpose of considering the class certification issue presented in** *Angulo*.

## BACKGROUND

The *Angulo* case was filed in King County Superior Court on May 13, 2022. On June 30, 2022, the Defendants timely removed the matter to the U.S. District Court for the Western District of Washington and pursuant to the Class Action Fairness Act of 2005 ("CAFA") based on diversity jurisdiction, 28 U.S.C. §

**ORDER CONSOLIDATING** *SELLS*, *GOOLD*, **AND** *ANGULO*, **FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION** ~ 4

1332(d) and § 1453. On March 19, 2025, it was transferred to the U.S. District Court for the Eastern District of Washington, because of several related pending matters and in the interest of justice and judicial economy.

The *Sells* case was filed on December 4, 2024, in the U.S. District Court for the Eastern District of Washington and pursuant to 28 U.S.C. § 1332. The *Goold* case was filed on March 11, 2025, in the U.S. District Court for the Eastern District of Washington and pursuant to 28 U.S.C. § 1332.

Plaintiffs in all cases seek recovery on several claims, most of which match or mirror the claims in the related cases. These include claims for: medical negligence, in violation of Wash. Rev. Code § 7.70; lack of consent or informed consent to medical procedures; criminal profiteering, pursuant to Wash. Rev. Code §§ 9A.82.100 and 9A.82.080, with predicate acts, including for false health care claims, pursuant to Wash. Rev. Code §§ 48.80.030 and 9A.08.020, money laundering, pursuant to Wash. Rev. Code §§ 9A.83.020(1)(a)&(b), 9A.83.020(5), and 9A.08.020, and theft by deception, pursuant to Wash. Rev. Code §§ 9A.56.030, 9A.56.040, and 9A.08.020; violations of the Consumer Protection Act, Wash. Rev. Code § 19.86, for deceptive or unfair practices in engaging in their medical services; corporate and vicarious negligence; that Defendants deprived Plaintiffs of their opportunity to discover the factual bases for the causes in violation of the discovery rule; a breach of fiduciary duty, fraud, and/or misrepresentation; negligent infliction of emotional distress and outrage; loss of consortium; vicarious liability; unjust enrichment; disgorgement; and limited waiver of physician-patient privilege.

In *Angulo*, Plaintiffs further seek to certify two classes of plaintiffs, Providence Class and MultiCare Class:

> **(1) Providence Class:** All surgical patients of the Doctors at Providence who were subject to the RVU compensation scheme in connection with their treatment.

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION ~ 5**

**(2) MultiCare Class:** All surgical patients of Dr. Jason A. Dreyer, DO, while he was employed in Spokane, Washington, by MultiCare Health Systems, from May 3, 2019, through November 18, 2021.

For the Providence Class, Plaintiffs allege the doctors had roughly 1,750 patients, which amounts to the same number of class members. For the MultiCare Class, Plaintiffs allege roughly 475 surgical patients for Dr. Jason Dreyer, and thus 475 class members.

The allegations in these cases arise from care provided by Dr. Dreyer, Dr. Daniel Elskens, and Defendant Providence at its location at St. Mary Medical Center in Walla Walla, Washington, between 2013 and 2018. Plaintiffs allege Defendants breached duties owed by providing unnecessary or inadequate care, resulting in harm. The actions were allegedly driven by an incentive-based compensation scheme prioritizing volume of surgeries over care. These surgeries resulted in the individual harms suffered by each named plaintiff, in all three cases.

The issues came to a head in and relate to a March 17, 2022, settlement agreement in a *qui tam* False Claims Act action among Defendant Providence, the United States, and the State of Washington. Providence agreed to pay the government $22,690,458, with $10,459,388 earmarked as restitution, to resolve allegations that the hospital fraudulently billed federal and state health care programs for surgeries performed by Drs. Dreyer and Elskens at Providence St. Mary Medical Center. Both doctors resigned in the face of Washington Department of Health administrative investigations. But Dr. Dreyer started practicing again at MultiCare Health System in Spokane, Washington.[1]

In the settlement agreement, the parties stipulated that between July 1, 2013, and November 13, 2018, Providence submitted claims and accepted reimbursement from federal and state health care programs for neurosurgery and other services at

---

[1] MultiCare Health Systems is not a party in any of the matters here.

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION** ~ 6

Providence St. Mary; that Providence employed Dr. Dreyer during that entire time period and Dr. Elskens between November 2015 and May 2017; that Providence paid the neurosurgeons in such a way as to encourage higher complexity surgeries resulting in higher compensation; that Providence received and noted concerns about the doctors' procedures and their medical necessity; that Dr. Elskens was placed on administrative leave in February 2017 and resigned in May 2017; that Dr. Dreyer was placed on administrative leave in May 2018 and resigned in November 2018; and that Providence did not report either doctor to the National Practitioner Data Bank or Department of Health.

Providence did not admit to liability in the settlement agreement, though the United States and State of Washington found they had claims against Providence for false claims and failure to take appropriate action with regards to the doctors' actions.

## LEGAL STANDARD

Fed. R. Civ. P. 42(a) provides:

(a) **Consolidation**. If actions before the court involve a common question of law or fact, the court may:

(2) consolidate the actions;

A district court considering similar cases at once may also exercise its broad discretion to consolidate matters. *See Garity v. APWU Nat'l Labor Org.*, 828 F.3d 848, 855–56 (9th Cir. 2016); *see also Investor's Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 877 F.2d 777, 777 (9th Cir. 1989).

## DISCUSSION

The Court finds consolidation appropriate for managing these three related matters and for the purposes of adjudicating the question of class certification. All three cases involve patients who allegedly suffered harm from surgeries performed and medical advice provided by Drs. Dreyer or Elskens, and that the doctors

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION ~ 7**

conducted these procedures unnecessarily because Defendant Providence operated an incentive-based payment scheme. Further, the claims are nearly identical, or identical, and they all involve Washington State or common law issues. Any unique claims still relate to the same underlying facts and individual harms alleged.

In an exercise of its discretion, the Court finds consolidation will promote judicial economy by allowing the Court and parties to resolve the threshold question of class certification, a resolution which will potentially impact all three matters. *See Garity*, 828 F.3d at 855–56. Given that these cases share both common issue of law and fact, the Court consolidates them pursuant to Fed. R. Civ. P. 42(a). Following the resolution of class certification issue, the Court may reopen the other matters, if necessary.

Accordingly, **IT IS HEREBY ORDERED**:

1. *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB]; *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB]; and *Angulo et al v. Providence Health & Services Washington et al* [4:25-CV-05029-SAB], are **CONSOLIDATED**, **for the purpose of resolving the issue of class certification**.

2. The parties shall utilize case **No. 4:25-CV-05029-SAB** for any filings.

3. Defendant's Motion to Dismiss or Stay, ECF No. 27, in *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB], is **DENIED**.

   a. Plaintiffs' request to strike Defendants' filing of Material Facts, noted in their Response at ECF No. 33, is **DENIED**.

4. Defendant's Motion to Dismiss, First to File, ECF No. 21, in *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB], is **DENIED**.

   a. Plaintiffs' request to strike Defendants' filing of Material Facts, noted in their Response at ECF No. 25, is **DENIED**.

//
//
//

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION ~ 8**

5.    The Clerk of Court shall **ADMINISTRATIVELY CLOSE** *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB] **AND** *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB] until the issue of class certification is resolved.

a.    All deadlines and hearings in *Sells* and *Goold* are **STRICKEN**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order, provide copies to counsel, and administratively close *Sells et al v. Providence St. Joseph Health et al* [4:24-CV-05160-SAB] **AND** *Goold et al v. Dreyer et al* [4:25-CV-05025-SAB].

**DATED** this 23rd day of June 2025.



Stan Bastian
Chief United States District Judge

**ORDER CONSOLIDATING *SELLS*, *GOOLD*, AND *ANGULO*, FOR THE PURPOSE OF CONSIDERING CLASS CERTIFICATION** ~ 9